WILLIAM BERGENTHAL COMPANY v. SECURITY STATE BANK OF MONTICELLO.[1]

June 29, 1906.

Nos. 14,738—(146).

**New Trial—Incompetent Evidence.**

The rule that the admission of incompetent evidence on trial before a jury is not ground for a new trial, where the fact which such evidence tends to prove is shown by other competent evidence, applies only where the other evidence, fairly construed, conclusively establishes the fact.

Action in replevin in the district court for Ramsey county to recover a quantity of liquors or $574.83, the value thereof, in case recovery could not be had. The case was tried before Olin B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff. From an order granting a motion for a new trial, plaintiff appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.

*James C. Tarbox,* for respondent.

BROWN, J.

Plaintiff, a corporation doing business at Milwaukee, in the state of Wisconsin, sold and delivered to one Allen, a liquor dealer at Monticello, this state, a stock of liquors of the value of $574 upon a credit of ninety days. The contract of sale is disclosed by certain cor-

[1] Reported in 108 N. W. 301.

respondence had between the parties during the negotiations leading up to its consummation. The goods were shipped to Allen from Milwaukee, but before they arrived at Monticello, his place of business, he mortgaged them, with other property, to the defendant in this action to secure the payment of the sum of $1,500. On the claim that Allen was insolvent at the time of ordering the goods, that he then contemplated retiring from business, and that he obtained the goods with no intention of ever paying therefor and for the purpose of defrauding plaintiff, plaintiff, immediately upon discovering the facts, rescinded the sale, notified defendant, who had taken possession of the goods under the mortgage, and thereafter brought this action in claim and delivery to recover possession of the same. Plaintiff had a verdict, which was, on defendant's motion, set aside and a new trial granted, from which plaintiff appealed.

The new trial was granted for the error, in the opinion of the court below, in admitting in evidence, over defendant's objection, a deposition taken by plaintiff and offered in support of its cause of action. It is practically conceded that the deposition was improperly received in evidence. A sufficient notice of its taking was not given; defendant had not waived its right to object to the same on the trial, and it should have been excluded. But it is insisted by counsel for plaintiff that the error was without prejudice, for the reason that the evidence contained in the deposition was fully supplied by other proof. The objection to the deposition is purely technical, and we should sustain counsel in this contention, if the record would permit of so doing.

The action is based upon the fraudulent conduct of Allen, and the burden to establish all the facts necessary to impeach the transaction was upon the plaintiff. Defendant was in no way connected with the purchase of the goods, and it was sought to charge it with notice of the fraud by facts and circumstances sufficient to put it upon inquiry. To make a case against defendant it was necessary to show, among other things, the sale of the goods to Allen upon credit, and that they had not been paid for. The fact that the goods were sold was fully shown by evidence not contained in the deposition, but the terms of the sale did not appear, except by letters from the plaintiff to Allen, which are attached to and made a part of the deposition. These documents were not identified by any other witness on the trial. Allen identified those

written by himself to plaintiff, which were also attached to the deposition, but not those written to. him. We thus have the order for the goods in which Allen requests a credit of ninety days, with nothing properly in the record to show that the request was granted, except such inferences as may be drawn from other facts disclosed. Nor is there any evidence, other than inferential, that the goods were not paid for in cash. There was therefore material evidence in the deposition, erroneously received, and we cannot, merely because the jury would have been justified in finding the facts thereby established by deductions and inferences drawn from other facts, say that its admission was without prejudice.

As already suggested, defendant is a stranger to the main controversy and had the right to insist that a case be made against it by competent evidence; and we are not prepared to say, as a matter of law, that the jury would have drawn the inferences from the other evidence, which we say might have been drawn. The rule that the admission of incompetent evidence upon a material issue, where the trial is before a jury, is not ground for a new trial, if the fact which such· evidence tends to prove is established by other evidence, applies only where the fact is otherwise conclusively established. Such is not this case.

It follows that the order granting a new trial must be affirmed; but we may add, in view of a new trial, that no other error is disclosed in the record as here presented.

Order affirmed.