WILLIAM BERGENTHAL COMPANY v. SECURITY STATE BANK OF MONTICELLO.[1]

July 26, 1907.

Nos. 15,204—(142).

**Replevin—Instructions to Jury.**

Action to recover the possession of goods sold and shipped by plaintiff to a third party on credit, who, as the plaintiff alleged, fraudulently mortgaged them to the defendant while they were in transit. The defendant claimed to be the owner of the goods as a bona fide mortgagee

[1] Reported in 112 N. W. 892.

thereof. *Held*, that the evidence was sufficient to sustain the verdict for the plaintiff, and that there were no reversible errors in the rulings of the court on the trial or in its instructions to the jury.

Action in replevin in the district court for Ramsey county to recover a quantity of liquors or $574.83, the value thereof, in case recovery could not be had. The case was tried before Olin B. Lewis, J., and a jury which rendered a verdict in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*James C. Tarbox*, for appellant.

*C. D. & R. D. O'Brien*, for respondent.

START, C. J.

Action to recover possession of a stock of liquors, which the plaintiff alleged in its complaint it was entitled to recover, or their value, $574.83. The answer denied the allegations of the complaint, and alleged that the defendant was the owner of the property. Plaintiff had a verdict, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or a new trial.

This is the second appeal in this case. See 98 Minn. 414. The goods in question were sold and shipped by the plaintiff at Milwaukee, Wisconsin, to Allen, a liquor dealer at Monticello, this state, on a credit of ninety days. While the goods were in transit Allen mortgaged them, with other property, to the defendant to secure a loan of $1,500. The plaintiff, claiming that Allen was insolvent and purchased the goods with no intention of paying for them, brought this action to recover them from the defendant; it having taken possession of them on their arrival by virtue of its mortgage, and under which it claims to be the owner of the goods. The evidence unquestionably was sufficient to establish the mortgagor's fraud in the transaction, and the controlling question of fact on the trial was whether the defendant had notice of his fraud at the time it accepted the mortgage and parted with its money. Counsel for the defendant urges that there is no evidence to support the finding by the jury in favor of the plaintiff on this question. Therefore the defendant was entitled to a directed verdict. Upon a consideration of the whole evidence, we have reached the conclusion that the evidence is sufficient to support the verdict.

The other alleged errors relate to a ruling of the court on the trial and its instructions to the jury. On the trial the defendant's cashier was called as a witness on its behalf, and he was asked this question:

> Q. Was the loan one that was made in the usual course of business conducted at your bank? A. Yes, sir. (Objected to as incompetent. Objection sustained.)

If the purpose of the question was to show that the loaning of money on chattel mortgages by the bank was in accordance with its usual course of business, it was material and competent; but the witness was permitted to testify fully as to the usual course of business of the bank in this respect. He testified that the majority of the loans (75 per cent.) of the bank were made on chattel mortgages. If, however, the purpose of the question was to show that the manner of making this particular loan and its details were in accordance with the usual course followed by the defendant, then the question was incompetent, and the objection properly sustained; for the witness had no personal knowledge as to such details. He was absent when the mortgage was given and the loan made. There was no prejudicial error in the ruling.

The trial court instructed the jury that

> If the defendant, through such officers or agents, if any, had knowledge of such facts or circumstances as would have caused an ·ordinarily careful and prudent man to make inquiries as to the intent of Allen in this matter, and if, by said inquiries, the actual intent of Allen in such matter not to pay for the goods would have been learned by the defendant, then the defendant would not be a mortgagee in good faith.

This is assigned as error. We held in the case of Manwaring v. O'Brien, 75 Minn. 542, 78 N. W. 1, that "where the vendee has knowledge of such facts as would lead the ordinarily prudent man, using ordinary caution, to make inquiries, whereby the fraudulent intent would have been discovered, he cannot be deemed a bona fide purchaser." The instruction complained of was a substantial compliance with the rule stated and correct.

The last alleged error to be considered is that the court erred in giving the following instruction:

> Now, upon this question [of notice] it would be proper for you to consider all the circumstances as disclosed by the evidence under which the bank made this loan, and you would determine whether Judge Tarbox, who was the attorney for Mr. Allen at that time, was also at the same time the attorney or duly authorized agent for the bank in the matter of making this loan; and if you should believe from a preponderance of the evidence that Judge Tarbox was not only the attorney for Mr. Allen, but was at the same time the attorney or authorized agent of the bank in the matter of making this loan, then the bank would be chargeable with whatever information Judge Tarbox possessed as attorney for Allen in reference to the circumstances under which the goods were purchased and the loan was being made.

No exception was taken to this instruction on the trial, or request made to limit it to information acquired by the defendant's agent and Allen's attorney at the time the mortgage was given and the loan made.

The first objection made to the instruction was on the motion for a new trial. The objection now made to the instruction is that Judge Tarbox had no right to communicate to or use for the advantage of the defendant knowledge which he may have obtained as attorney for Allen, because such communications were privileged, and the case falls within the well-settled rule that the principal is not bound by the knowledge of his agent obtained under such circumstances as to make it unlawful for him to communicate it to his principal, or when it is not the agent's duty to do so. The evidence, however, does not bring the case within the rule invoked; for it tends to show that Judge Tarbox was the agent or attorney of both parties in the matter of securing the proposed loan by the execution of a chattel mortgage, and acted as such with their implied mutual knowledge and consent in the transaction. This is not, then, a case involving the question as to when and under what circumstances the knowledge of an attorney or agent previously acquired in a different transaction may or may not be im-

puted to his client or principal. It is to be noted that the instruction complained of was not an abstract statement of the law, but was based upon the hypothesis that the jury found that Judge Tarbox was the attorney or agent of both parties in the matter of making the loan. If such were the case, then there was nothing privileged in the communication of either party to their mutual agent. It follows that the instruction, as limited, was not erroneous.

Order affirmed.